# Estate of Frederick Dice, deceased. Appeal of Mary Dice.

*Decedent's estate—Husband and wife—Evidence.*

A wife claimed $4,300 as a debt from her husband's estate. The evidence showed that the wife never had any estate of her own, except $2,300 which she had received from her father, and had handed over to her husband. There was evidence which tended to show that the husband had drawn promissory notes in favor of his wife for $4,300, but that he had not delivered them, and that they had been burnt accidentally about two years before his death. There was no evidence that the husband had agreed to pay interest on the money which he had received. *Held*, that an auditor's finding, confirmed by the court below, that the wife was entitled to only $2,300 should be affirmed.

Argued March 8, 1897. Appeal, No. 311, Jan. T., 1896, by Mary Dice, from decree of O. C. Franklin Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to auditor's report.

JOHN STEWART, P. J., filed the following opinion:

The exceptions to this report raise but a single question—
how much money did Frederick Dice, the intestate, whose
estate is for distribution, receive from his wife, Mary Dice, who
is here the claimant? That he was her debtor for whatever
amount he did receive is not open to question, since there is
not a particle of evidence in the case to rebut the presumption
which the law raises in her favor. She demands $4,300; the
auditor allows her $2,300; the exceptants—creditors of Fred-
erick Dice—insist that the evidence shows only $1,300 to have
been derived through the wife. We fully agree with the audi-
tor that the evidence is wholly insufficient to warrant a finding
in favor of his wife's full demand. The claim of $4,300 rests
for its support on the evidence which relates to certain notes,
which several of the wife's children testify to having seen in
their father's possession. The auditor gave these notes all the
weight they were entitled to, if indeed he was not too liberal
in that regard. The evidence satisfied him that said notes had
been in existence at one time—notes drawn by Frederick Dice,
payable to his wife, one for $1,000, one for $1,300, and another
for $2,000—and that while in the husband's possession, before
delivery, they were either lost or accidentally destroyed. The
evidence on this subject might not be so persuasive to everyone
as it seems to have been to the auditor, but admitting it all to
be true, the notes can have no significance whatever except as
they may be regarded as admissions of Frederick Dice. As the
auditor has well said, never having been delivered to the wife
they never became hers, and they would afford in themselves
no basis for an action against Dice or his estate. They could
be of no value in this controversy, except as they help to throw
light on the only question before us—how much money did
Dice get from his wife? Of what little service they are in this
regard is manifest, when we consider the direct evidence which
was offered in support of the wife's claim. Giving the notes
their fullest significance, they may be regarded as admissions
of Dice that he had received $4,300 from his wife. Now in
the light of the direct evidence, he could have received no such
sum. The wife is not shown to have had any estate except

what she derived from her father. Indeed the evidence is conclusive that she had no other, and it is clear, beyond dispute, that the whole amount of this exceeded by little the one half of the aggregate of the notes. It comes to nothing to say that Dice may have included interest in the principal sum of the notes, and thus swelled the amount to double the original debt. If the claim were on the notes themselves, this would be a proper and necessary inquiry in order to sustain the notes; but the question here was, and the only question, what was the original debt? Certainly it was not $4,300. How much less it was will never be discovered from the notes. It is the business of the wife claiming under such circumstances as we have here to make out her claim by clear and satisfactory evidence; she must show not only that she had separate property of her own, but that the husband received it, and like everybody else, she is limited in her recovery to the amount that she proves her debtor got.

Now the direct evidence in the case, if believed—and the auditor credits it—leaves the amount actually received by the husband clear of doubt. The exceptants themselves admit to $1,300, that being an equal distributive share in the estate of the wife's father, all of which it is admitted passed to the husband. But at least three witnesses testify that Dice admitted to them repeatedly that his wife had received from her father $1,000, more than any of his other children, and that he had used this money. These admissions, if made at all, were made when Dice was entirely free from pecuniary embarassment. There was nothing in the circumstances of the parties to make this advancement either impossible or improbable. It simply resolved itself into a question whether the testimony of the witnesses who spoke of these admissions by Dice was to be believed. If believed, the wife's claim for $2,300 was established; if not, the claim could not exceed $1,300. The auditor credited the witnesses, and we see no sufficient reason for doing otherwise.

It is evident that the wife shared in the benefit derived from the use of the money by the husband, and of course no interest can be claimed. We concur in all the conclusions of the auditor, and now March 6, 1896, it is ordered that the exceptions to the report be dismissed, and that the report be confirmed absolutely.

650 DICE'S ESTATE. DICE'S APPEAL.

*Errors assigned* were in dismissing exceptions to adjudication.

*W. U. Brewer*, with him *W. R. Gillan*, for appellant, cited: Reese v. Reese, 157 Pa. 200; Ziegler's App., 84 Pa. 342; Thompson v. Allen, 103 Pa. 44; Thornton on Gifts, 468; Darlington's App., 86 Pa. 512; Shea's App., 121 Pa. 302; Skinner v. Kroh, 4 Penny. 204; Malone's Est., 8 W. N. C. 179; Trough's Est., 75 Pa. 115; Crawford's App., 61 Pa. 52; John's App., 102 Pa. 59; Dellinger's App., 71 Pa. 425; Osmond's Est., 161 Pa. 543.

*William S. Hoerner* and *Joshua W. Sharpe*, with them *Hastings Gehr*, *W. J. Zacharias*, *W. R. Keefer*, *G. D. McDowell*, *John W. Hoke*, *I. C. Elder*, *J. A. Strite* and *John D. Rice*, for appellee, cited Malone's Est., 8 W. N. C. 202; Madeira's App., 17 W. N. C. 202; Trough's Est., 75 Pa. 115; Harding's App., 15 W. N. C. 89; Ludlow v. Bingham, 4 Dall. 47; 2 Williams on Executors (1895), p. 217; Candor's App., 27 Pa. 119; Hummel's Est., 161 Pa. 215; Cowen's Est., 3 Pitts. Rep. 471; Reese v. Reese, 157 Pa. 200; Ziegler's App., 84 Pa. 342; Wormley's Est., 137 Pa. 101; Gamber v. Gamber, 18 Pa. 363; Baringer v. Stiver, 49 Pa. 131; Pier v. Siegel, 107 Pa. 507; Parvin v. Capewell, 45 Pa. 89; Musser v. Gardner, 66 Pa. 246; Bitner v. Boone, 128 Pa. 571.

PER CURIAM, April 19, 1897:

The specifications of error relate to the learned auditor's findings of fact and the conclusions of law drawn therefrom. The objections to the latter are virtually based on the assumed inaccuracy of the former. If, therefore, the findings of fact are correct, the conclusions of law necessarily follow.

As found by the auditor, the controlling facts are substantially these: The appellant received from her father in his lifetime $1,800, and afterwards from his estate $500, both of which sums were used by her husband, the decedent. He never repaid the same or any part thereof to her. There is no evidence to show that she ever had, in her own right, any money other than the two sums above mentioned, aggregating $2,300; nor is there any evidence that her husband received any more, or

that he promised to pay her interest on the amounts he received and appropriated to his own use.

Prior to 1887, Frederick Dice, the decedent, had signed three sealed notes, payable to his wife, for the respective sums of $2,000, $1,300 and $1,000; but, there is no evidence to show the dates of said notes, when they were respectively signed, when payable, or whether they bore interest; nor does it appear that they were ever in appellant's custody or possession.  On the contrary they were kept by her husband in his private desk until they were accidentally burned or destroyed about two years prior to his death.  These and other findings of-fact were duly considered and approved by the court below; and, notwithstanding the able and ingenious argument of appellant's counsel, we are not convinced that there is any error in either of them, or in the conclusions properly drawn therefrom.

The only evidence on which appellant could hope to rely as tending to sustain her claim for interest, etc., was the existence of the notes above referred to, and the very indefinite admissions of the decedent in connection therewith.  Taking into consideration the character of that evidence, as well as the testimony relating to the identification and delivery of the notes, we think there was no error in the rulings of the court below.

In view of the clear and satisfactory opinion of the learned president of the orphans' court in support of said rulings, there is no necessity for further discussion of the questions presented by the assignments of error.  Neither of them is sustained.

Decree affirmed and appeal dismissed at appellant's costs.